## IN THE UNITED STATES DISTRICT COURT
## DISTRICT COURT OF NEBRASKA

| | |
|---|---|
| ROBERT PETERSON, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | ) No.<br>) |
| UNION PACIFIC RAILROAD COMPANY<br>A RAILROAD CORPORATION, and<br>JOSEPH GOOSEY, | ) TRIAL BY JURY DEMANDED<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ROBERT PETERSON, by and through his attorneys, WILLIAM J. MCMAHON and HOEY& FARINA, and for his Complaint against the Defendants, UNION PACIFIC RAILROAD COMPANY, a railroad corporation, and JOSEPH GOOSEY, states as follows:

1. This action is brought under the Federal Employers' Liability Act, 45 U. S. C §§ 56, et seq. and the Federal Regulations promulgated pursuant to those acts. Jurisdiction and venue are proper pursuant to 45 U. S. C §§ 56.

2. Plaintiff Robert Peterson is a resident of North Platte, Nebraska.

3. Defendant Union Pacific Railroad Company (UPRR) is, and was at all times relevant, a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

4. Defendant Joseph Goosey is a resident of North Platte, Nebraska.

## ALLEGATIONS
## COUNT I: FELA v. UPRR

5. On September 1, 2007, and for a long time prior thereto and at all pertinent times,

plaintiff was employed by and working for Defendant UPRR as a conductor switchman. Parts of plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on September 1, 2007, plaintiff was employed and engaged with the defendant in interstate commerce.

6. On September 1, 2007, and at all pertinent times, while plaintiff was engaged in interstate commerce with and working for defendant as a conductor at Defendant railroad's Bailey Yard in North Platte, Nebraska, it became and was his duty to report to said yard at the appointed time.

7. On and before September 1, 2007, Plaintiff was an employee of UPRR.

8. At all pertinent times, the Defendant JOSEPH GOOSEY was an employee of Defendant UPRR.

9. At all pertinent times, the Defendant JOSEPH GOOSEY was required to be at Defendant railroad's Bailey Yard in North Platte, Nebraska as a condition of his employment with UPRR.

10. At all pertinent times, the Defendant JOSEPH GOOSEY was being paid to be at Defendant railroad's Bailey Yard in North Platte, Nebraska as a condition of his employment.

11. On September 1, 2007, and at all pertinent times, Plaintiff was performing work for Defendant UPRR in connection with or in furtherance of Defendant UPRR's business of interstate commerce and transportation.

12. In the course of his duties as a conductor on September 1, 2007, and at all pertinent times, at the Defendant's West Diesel Crossing in the UPRR's Bailey Yard in North Platte, Nebraska, Plaintiff was required to report to work at the Yard.

13. On September 1, 2007, and at all pertinent times, while Plaintiff was in North Platte, Nebraska to work, and while he was in the process of reporting to work at the Bailey Yard, Plaintiff was operating his vehicle inside Defendant Railroad's Bailey Yard when it was struck by a vehicle operated by another UPRR employee, Joseph Goosey, who was also reporting to duty at or near the West Diesel Crossing inside Bailey Yard.

14. At the time and place alleged, the Defendant had a nondelegable duty to provide the Plaintiff with a reasonably safe place to work.

15. As a result of the co-employee striking Mr. Peterson with another vehicle while Mr. Peterson was operating his vehicle, Plaintiff was severely injured.

16. It was the continuing duty of the Defendants, as employer, at the time and place in question, to provide Plaintiff with a reasonably safe place to work; to provide reasonably safe conditions in which to work; and to provide reasonably safe places to park.

17. In violation of its duty, Defendant, by and through its employees, negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

    a. Failed to provide the Plaintiff with a safe work place;
    b. Failed to adopt, install, implement and enforce a safe method and procedure for the described operation;
    c. Failed to warn the Plaintiff of the unsafe driving conditions in the parking lot;
    d. Violated certain regulations, standards, and requirements in force or prescribed by the Secretary of State for the State of Nebraska for operating a vehicle;
    e. Failed to keep a proper lookout;
    f. Was otherwise careless and negligent in failing to provide Plaintiff with a safe place to work.

18. Defendant's failure to provide Plaintiff with a safe place to work by one or more of

3

the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

19. As a consequence, Plaintiff, ROBERT PETERSON, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

20. On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) diminished earning capacity; c) past and future medical expenses; d) past and future pain and suffering; e) past and future lost fringe benefits; f) past and future loss of ability to perform household services; g) diminished ability to enjoy the normal pursuits of life.

21. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, ROBERT PETERSON, demands judgment in his favor and against Defendant UPRR in a sum in excess of $75,000.00, plus the costs of this suit.

## COUNT II
## NEGLIGENCE v. JOSEPH GOOSEY

NOW COMES the Plaintiff, ROBERT PETERSON by his attorneys, WILLIAM J. MCMAHON and HOEY & FARINA, and for his Complaint against the Defendant, JOSEPH GOOSEY, and states as follows:

22. At all pertinent times, the Defendant JOSEPH GOOSEY was and is an employee of Defendant UPRR.

23. At all pertinent times, the Defendant JOSEPH GOOSEY was required to be in the

Bailey Yard in North Platte, Nebraska as a condition of his employment with UPRR.

24. At all pertinent times, the Defendant JOSEPH GOOSEY was being paid to be in Bailey Yard in North Platte, Nebraska, as a condition of his employment.

25. On and before September 1, 2007, Plaintiff was an employee of UPRR.

26. On September 1, 2007, JOSEPH GOOSEY was a business invitee on the premises of Bailey Yard at its Bailey Yard in North Platte, Nebraska.

27. On September 1, 2007, Plaintiff was a business invitee on the premises of Bailey Yard at its Yard at its Bailey Yard in North Platte, Nebraska.

28. On September 1, 2007, while Plaintiff was reporting to work at the Bailey Yard, Plaintiff was operating his vehicle at or near the West Diesel Crossing in Defendant Railroad's Bailey Yard when Defendant JOSEPH GOOSEY drove his vehicle into the rear of Plaintiff's vehicle while Plaintiff was operating it.

29. It was the duty of the Defendant JOSEPH GOOSEY to use ordinary care for the safety of Plaintiff.

30. In violation of his duty, at the time and place alleged, Defendant JOSEPH GOOSEY, was guilty of the following negligent, careless and unlawful acts or omissions:

   a. Failed to obey a railroad crossing signal.
   b. Failed to exercise due care and caution to avoid colliding with the Plaintiff, contrary to and in violation of the provisions of Nebraska Code Section 60.6.212.
   c. Failed to slow down, reduce speed, or stop his said motor vehicle so as to avoid any part of it from striking the Plaintiff's vehicle, or traveling so close to the Plaintiff as to pose an imminent danger to the safety of the Plaintiff.
   d. Was otherwise careless and negligent in the operation of his motor vehicle.

31. The Defendant JOSEPH GOOSEY'S violation of its aforesaid duty was a proximate cause of Plaintiff's serious injuries.

32. As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain suffering, inconvenience, anguish, and disability. As a further result, Plaintiff has been and, in the future, will be kept from attending to his ordinary affairs and duties and has lost and will continue to lose great gains in wages and benefits which he otherwise would have made and acquired. As a further result, Plaintiff has incurred medical, hospital, and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

33. On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) diminished earning capacity; c) past and future medical expenses; d) past and future pain and suffering; e) past and future lost fringe benefits; f) past and future loss of ability to perform household services; g) diminished ability to enjoy the normal pursuits of life.

34. Plaintiff requests trial by jury.

WHEREFORE, Plaintiff, ROBERT PETERSON demands judgment in his favor and against Defendant, JOSEPH GOOSEY, in a sum in excess of $75,000.00 to be determined by the jury plus the costs of this suit.

Respectfully submitted,

_____
Attorney for Plaintiff

William J. McMahon
HOEY & FARINA
542 S. Dearborn Street, Suite 200
Chicago, IL 60605
(312) 939-1212